## ARGUED AND DETERMINED

IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT MILLEDGEVILLE,

### NOVEMBER TERM, 1849.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

No. 78.—THE JUSTICES OF THE INFERIOR COURT OF BURKE COUNTY, for the use, &c. plaintiffs in error, *vs.* ELI WOOTEN and others, defendants.

[1.] The Justices of the Inferior Court of Burke County are not the legal obligees of an administrator's bond, payable to the Justices of the Inferior Court of said County, sitting as a Court of Ordinary, so as to authorize them to maintain suit on such bond.

Debt, in Burke Superior Court. Tried before Judge HOLT, May Term, 1849.

This suit was brought by "The Justices of the Inferior Court of Burke County, who sued for the use of James Grubbs," &c. on the bond of Eli Wooten, as administrator of John Lodge, deceased. On the trial, there was given in evidence a bond made payable to "The Justices of the Inferior Court of Burke County, sitting for ordinary purposes;" whereupon defendants' counsel moved for a nonsuit, on the ground that the plaintiffs were

not the legal obligees in the bond.    The Court sustained the motion, and this decision is brought before this Court for review.

M. MARSH, for plaintiffs in error, cited—

*Morley vs. Law,* 4 *Moore,* 369.    3 *Camp,* 29.    *Angell & Ames on Corporations,* 17, 514.    13 *Mass.* 192.    8 *John.* 422.    5 *Cow.* 309.    10 *Mass.* 360.    2 *Cow.* 770.    *Johnson vs. Ballingal,* 1 *Kelly,* 68.    *Winkler vs. Scudder,* 1 *Kelly,* 134.    1 *East,* 77, 335. *Evans vs. Rogers,* 1 *Kelly,* 466.    2 *How.* 13.    14 *Pet.* 298.    9 *Wend.* 233.    5 *Wend.* 191.    4 *Wend.* 414.    7 *Term R.* 698.    3 *Maule & S.* 450.    4 *Ga. Rep.* 203.    *Tidd,* 919.

A. J. MILLER, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record in this case, for our judgment, is, whether the Justices of the Inferior Court of Burke County are the legal obligees of a bond given by an administrator, to the Justices of the Inferior Court of said County, sitting for ordinary purposes, so as to authorize them to maintain suit thereon as parties plaintiff.    The jurisdiction of the Inferior Courts in this State, and the jurisdiction of the Inferior Courts sitting as Courts of Ordinary, is entirely different, and relate to entirely distinct matters.    The Act of 1810 declares, " The Inferior Court, when sitting for ordinary purposes, shall be known only as the Inferior Court sitting for that purpose, and shall have original jurisdiction of all testate and intestates' estates," &c. *Prince,* 239.

The plaintiffs sue as Justices of the Inferior Court.    The evidence offered in support of their right to recover, is a bond made payable to the Justices of the Inferior Court, sitting as a Court of Ordinary.    The Justices of the Inferior Court, and the Justices of the Inferior Court sitting as a Court of Ordinary, are as separate and distinct, in the eye of the law of this State, as any two separate and distinct individuals or corporations.    As was very properly remarked by the Court below in its judgment, the Inferior Court can no more maintain an action upon an administrator's bond, payable to the Inferior Court sitting for ordinary pur-

poses, than the latter Court could maintain an action upon a bond to build and keep in repair a bridge, payable to the Inferior Court.

The Justices of the Inferior Court of Burke County were not the legal obligees of the administrator's bond offered in evidence, payable to the Justices of the Inferior Court of said County, sitting as a Court of Ordinary, and, therefore, the nonsuit was properly awarded.

Let the judgment of the Court below be affirmed.